E-FILED
Friday, 27 May, 2022  03:03:36 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| **GABRIEL L. WILLIAMS,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     **v.** | ) | **Case No. 1:22-cv-01078-SEM** |
| | ) | |
| **ILLINOIS RIVER** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
|     **Defendant.** | ) | |

<u>**MERIT REVIEW ORDER**</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a motion for leave to file an amended complaint [4] under 42 U.S.C. § 1983 by Plaintiff *pro se* Gabriel L. Williams, who is incarcerated at Illinois River Correctional Center.

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

After receiving a disciplinary report for refusing cell placement and COVID testing, Plaintiff was denied relief he claims was a "right provided by legislation." (ECF 4: p. 1.) Plaintiff appends a March 2022 letter from the Illinois Department of Corrections ("IDOC") Offender 360 that denied his request for "Earned Discretionary Sentencing Credit." (ECF 4-1.) Plaintiff seeks his immediate release and $1,500 compensation. (*Id.*) The Court concludes that Plaintiff fails to state a plausible federal claim for relief under § 1983.

The Illinois Unified Code of Corrections provides that the IDOC Director "*may* award … up to 365 days of earned sentence credit for prisoners serving a sentence of 5 years or longer." 730 ILCS 5/3-6-3(a)(3) (emphasis added). The Director can award sentencing credits

Page **2** of **5**

for "compliance with the rules and regulations of the Department, service to the Department, [and] service to the Department, … community, or … the State." (*Id.*) This provision further provides that the IDOC Director or designee has "sole discretion" to award the sentencing credit to eligible inmates. *Id.*

Thus, Plaintiff does not have a constitutional right to receive the sentencing credit he claims. *See* Earned Discretionary Sentence Credit FAQ December 2021, https://www2.illinois.gov/idoc/aboutus/Documents/Earned%20Discretionary%20Sentence%20Credit%20FAQ%20December%20202.pdf (last visited May 23, 2022) (confirming that "[t]here is no entitlement to this credit").

Good-time credits that have yet to be awarded or parole promised in the future but are entirely discretionary are not liberty interests protected by the Due Process Clause. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation"); *Antonelli v. Sheahan*, 81 F.3d

1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process interest in the opportunity to earn good time credits.").

Although the Court has the discretion to permit Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Accordingly, the Court denies Plaintiff's motion for leave to file an amended complaint [4]. With the entry of the Court's Merit Review Order, Plaintiff's motions requesting COVID-19 test results [7], clarification [8], and default judgment [9, 10] are moot.

**IT IS THEREFORE ORDERED:**

**1) The Court DENIES Plaintiff's motion for leave to file an amended complaint [4]. Because any amendment to the**

**complaint would be futile, the Court DIRECTS the Clerk of the Court to enter judgment under Fed. R. Civ. P. 58. Plaintiff remains responsible for any unpaid balance of the $350 filing fee.**

2) **With the entry of the Court's Merit Review Order, Plaintiff's outstanding motions [7-10] are MOOT.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED May 27, 2022.

s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE